IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTINEZ,<br><br>    Petitioner,<br><br>  v.<br><br>G.E. LEWIS, Warden,<br><br>    Respondent.<br>_____/ | No. C 13-5742 CW (PR)<br><br>ORDER TO SHOW CAUSE, GRANTING MOTIONS TO FILE EXCESS PAGES AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO APPOINT COUNSEL<br><br>(Docket nos. 1, 7, 9) |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction.  Petitioner also moves for leave to proceed in forma pauperis (IFP), to file excess pages and for appointment of counsel.  Good cause appearing, the motions for leave to proceed IFP and to file excess pages are granted.  The motion for appointment of counsel is denied without prejudice.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  Chaney v. Lewis, 801 F.2d

1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

In his motion to appoint counsel, Petitioner, through an English-speaking inmate, states that he requires counsel to represent him because he speaks Spanish only and is unable to speak, read or understand more than a few words in English. However, after Petitioner filed the request for counsel, he filed motions for an extension of time to file the petition, doc. no 5, for leave to file a petition with excess pages, doc. no. 7, and a petition consisting of thirty-five hand-written pages.  It appears, therefore, that Petitioner, either himself or with the help of an English-speaking inmate, is capable of understanding what is required to litigate his case in federal court and is able to assert his habeas claims with citations to the records and to case authority.  Therefore, the Court denies the motion to the extent it is based on the ground that Petitioner is unable to speak or understand English.  Furthermore, at this time, the Court is unable to determine whether the appointment of counsel is mandated for Petitioner.  Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

CONCLUSION

Based on the foregoing, the Court orders as follows.

1. Leave to proceed in forma pauperis is GRANTED.

2. Petitioner's motion to file excess pages is GRANTED and his motion for appointment of counsel is DENIED.

3. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner at his current address.

4. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

5. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

Governing Section 2254 Cases.

If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>thirty</u> days of receipt of the motion, and Respondent <u>shall</u> file with the Court and serve on Petitioner a reply within <u>fourteen</u> days of receipt of an opposition.

6.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

7.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

This Order terminates Dockets nos. 1, 7 and 9.

IT IS SO ORDERED.

Dated: 3/21/2014

                                              CLAUDIA WILKEN
                                              UNITED STATES DISTRICT JUDGE